IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLE REGISTER, J. HUNTER KYLE, MIRELA MIOCEVIC, RYAN WALSH, LESLIE YORK, ASHLEY TAYLOR, ELIZABETH HOBAFCOVICH, JESSICA LEIGH RAGLE, KRISTIN DONALDSON, ANITA MIOCEVIC, BRITTANY CALLAHAN, and BRIANA QUEZADA, *Individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>LAUGHING OUT LOUD RESTAURANT GROUP, LLC, TONY SHAW, and MICHAEL A. MILLER, and<br><br>Defendants. | CIVIL NO. 1:10-cv-03861-TCB |

## SETTLEMENT AGREEMENT

### Introduction

This Settlement Agreement ("Agreement") is made and entered into by and between Named Plaintiff Cole Register, on behalf of himself and the other Named Plaintiffs and Opt-In Plaintiffs described below (collectively, "**PLAINTIFFS**"), and Defendants Laughing Out Loud Restaurant Group, LLC ("LOLRG"), Tony Shaw ("Shaw"), and Michael A. Miller ("Miller") (collectively, "**DEFENDANTS**"). The foregoing **PLAINTIFFS** and **DEFENDANTS** are each referred to as a Party and are collectively referred to as the Parties.

**EXHIBIT A**

# WITNESSETH:

WHEREAS, Register filed a lawsuit against **DEFENDANTS** in the United States District Court for the Northern District of Georgia, Civil Action No, 1:10-cv-03681-TCB ("the Litigation") alleging violations of the Fair Labor Standards Act; and

WHEREAS, the litigation was brought as a collective action; and

WHEREAS, on March 28, 2011 the Court entered an Order [Dkt. 16] pursuant to 29 U.S.C. 216(b) conditionally certifying a class of "all current and former Tipped Employees employed by Defendants Laughing Out Loud Restaurant Group, ("LOLRG"), Tony Shaw and Michael Miller (collectively "Defendants") at their Arena Tavern and Nacho Daddy's restaurants"; and

WHEREAS, **PLAINTIFFS** Margaret R. Adams, Carolyn J. Ayinla, Jesse Logan Baker, Brittany Callahan, Martha E. Capers, Sarah M. Capers, Anthony Cody, Laporche Davis, Kristin Donaldson, Elizabeth Hobafcovich, Carmen O. Judy, Darjana Kalfic, Jeffrey Hunter Kyle, Gabrielle Matthews, Jennifer Cassie Miller, Anita Miocevic, Mirella Miocevic, Justin Newsome, Briana Quezada, Jessica Ragle, Cole Register, Regina Rossi, Brianna Shelton, Ashley Taylor, Ashely N. Wages, Natasha L. Walls, Hayden Walsh, Ryan Walsh and Leslie A. York submitted timely opt in forms to join and assert claims in the Litigation and, pursuant to the agreement of the parties and by Court Order [*see* Dkt. 157 and 166], **PLAINTIFF** Jeffrey Kaczynski submitted an opt-in form (the persons listed in this recital are collectively referred to herein as "the Class"); and

WHEREAS, on March 25, 2015 the Court entered an Order [Dkt. 180] referring the Litigation to mediation; and

WHEREAS, on July 29, 2015, the parties participated in a mediation with the assistance of mediator Lee Parks; and

2

WHEREAS, during said mediation the parties reached agreement on all outstanding issues and executed a document setting the terms thereof entitled "Settlement Memorandum" (the "Memorandum"); and

WHEREAS, the Memorandum anticipated the drafting and execution of this Agreement; and

WHEREAS, the Parties desire to enter into an agreement resolving and settling all claims, allegations, and causes of actions asserted or which could have been asserted by the members of the Class and **PLAINTIFFS** in the Litigation which arise out of or relate to compensation for any work performed by **PLAINTIFFS** for any of the **DEFENDANTS**;

NOW, THEREFORE, in exchange for good and valuable consideration, including but not limited to the execution of this Agreement, and in compromise and settlement of disputed claims, the Parties agree as follows:

1.    **Consideration.**

    **A.    Acceptance Documents:**

        1)    Promptly after Court-approval of this Agreement **PLAINTIFFS'** Counsel will forward to each class member copies of this Agreement and the Court's Order approving it and a document in the form attached hereto as Exhibit "A" ("Acceptance Document") together with a notice and instruction to submit the Acceptance Document to Plaintiff's counsel within 30 days of the date of Court approval.

        2)    A class member who fails to deliver a fully executed Acceptance Document to **PLAINTIFFS'** Counsel within thirty (30) days of the date of Court approval of

this Agreement shall not be entitled to receive any sums under this Agreement.

3) **PLAINTIFFS'** counsel will deliver to **DEFENDANTS'** counsel (via e-mail to kevin.fitzpatrick@dcbflegal.com) pdf copies of each fully executed Acceptance Document in pdf form within five (5) days of receipt by **PLAINTIFFS'** counsel.

**B.    Pro Rata Allocation to Class Members**

Within sixty (60) days of **DEFENDANTS'** counsel receipt of a timely executed and delivered Acceptance Document, **DEFENDANTS** will deliver to **PLAINTIFFS'** counsel checks made out to class members as set forth below, provided however, that **DEFENDANTS** shall not be required to deliver checks made out to a class member who has not executed and timely delivered a fully-executed Acceptance Document to **PLAINTIFFS'** counsel (i.e., within thirty (30) days of Court approval of this Agreement).

**1) Margaret R. Adams**

  i. One check made out to Margaret R. Adams in the amount of Six Hundred Twenty One and 63/100 Dollars ($621.63) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

  ii. One check made out to Margaret R. Adams in the amount of Six Hundred Twenty One and 63/100 Dollars ($621.63) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**2) Carolyn J. Ayinla**

4

i. One check made out to Carolyn J. Ayinla in the amount of One Hundred Sixty Six and 19/100 Dollars ($166.19) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Carolyn J. Ayinla in the amount of One Hundred Sixty Six and 19/100 Dollars ($166.19) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

### 3) Jesse Logan Baker

i. One check made out to Jesse Logan Baker in the amount of One Thousand Seven Hundred Fifty Five and 15/100 Dollars ($1,755.15) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Jesse Logan Baker in the amount of One Thousand Seven Hundred Fifty Five and 15/100 Dollars ($1,755.15) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

### 4) Brittany Callahan

i. One check made out to Brittany Callahan in the amount of Three Thousand Four Hundred Eighty Nine and 01/100 Dollars ($3,489.01)

5

less withholding for applicable state and federal taxes, for backpay, and
for which LOLRG shall issue to the class member an IRS Form W2;
and

ii. One check made out to Brittany Callahan in the amount of Three
Thousand Four Hundred Eighty Nine and 01/100 Dollars ($3,489.01)
without deductions, for liquidated damages, and for which LOLRG
shall issue to the class member an IRS Form 1099 designating Box 3 for
"other income".

**5) Martha E. Capers**

i. One check made out to Martha E. Capers in the amount of Eighty Two
and 82/100 Dollars ($82.82) less withholding for applicable state and
federal taxes, for backpay, and for which LOLRG shall issue to the class
member an IRS Form W2; and

ii. One check made out to Martha E. Capers in the amount Eighty Two and
82/100 Dollars ($82.82) without deductions, for liquidated damages,
and for which LOLRG shall issue to the class member an IRS Form
1099 designating Box 3 for "other income".

**6) Sarah M. Capers**

i. One check made out to Sarah M. Capers in the amount of One Hundred
Seventy Eight and 54/100 Dollars ($178.54) less withholding for
applicable state and federal taxes, for backpay, and for which LOLRG
shall issue to the class member an IRS Form W2; and

6

      ii. One check made out to Sarah M. Capers in the amount One Hundred Seventy Eight and 54/100 Dollars ($178.54) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**7) Anthony Cody**

      i. One check made out to Anthony Cody in the amount of Eight Hundred Nineteen and 20/100 Dollars ($819.20) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

      iii. One check made out to Anthony Cody in the amount Eight Hundred Nineteen and 20/100 Dollars ($819.20) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**8) Laporche Davis**

      i. One check made out to Laporche Davis in the amount of One Hundred Twenty Six and 06/100 Dollars ($126.06) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

      ii. One check made out to Laporche Davis in the amount One Hundred Twenty Six and 06/100 Dollars ($126.06) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

7

**9) Kristin Donaldson**

    i.  One check made out to Kristin Donaldson in the amount of Two Thousand Two Hundred Fifty Seven and 64/100 Dollars ($2,257.64) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

    ii.  One check made out to Kristin Donaldson in the amount Two Thousand Two Hundred Fifty Seven and 57/100 Dollars ($2,257.64) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**10) Elizabeth Hobafcovich**

    i.  One check made out to Elizabeth Hobafcovich in the amount of Two Thousand Twelve and 72/100 Dollars ($2,012.72) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

    ii.  One check made out to Elizabeth Hobafcovich in the amount Two Thousand Twelve and 72/100 Dollars ($2,012.72) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**11) Carmen O. Judy**

    i.  One check made out to Carmen O. Judy in the amount of Three Hundred

8

Sixty Seven and 22/100 Dollars ($367.22) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

iii. One check made out to Carmen O. Judy in the amount of Three Hundred Sixty Seven and 22/100 Dollars ($367.22) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**12) Jeffrey N. Kaczynski**

i. One check made out to Jeffrey N. Kaczynski in the amount of Five Thousand Nine Hundred Eighty and 03/100 Dollars ($5,980.03) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Jeffrey N. Kaczynski in the amount Five Thousand Nine Hundred Eighty and 03/100 Dollars ($5,980.03) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**13) Darjana Kalfic**

i. One check made out to Darjana Kalfic in the amount of Three Thousand Three Hundred Twenty Nine and 79/100 Dollars ($3,329.79) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

9

ii. One check made out to Darjana Kalfic in the amount Three Thousand Three Hundred Twenty Nine and 79/100 Dollars ($3,329.79) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

### 14) Jeffrey Hunter Kyle

i. One check made out to Jeffrey Hunter Kyle in the amount of Three Thousand Five Hundred Sixty One and 32/100 Dollars ($3,561.32) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Jeffrey Hunter Kyle in the amount Three Thousand Five Hundred Sixty One and 32/100 Dollars ($3,561.32) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

### 15) Gabrielle Matthrews

i. One check made out to Gabrielle Matthews in the amount of One Thousand Three and 36/100 Dollars ($1,003.36) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Gabrielle Matthews in the amount of One Thousand Three and 36/100 Dollars ($1,003.36) without deductions, for

liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**16) Jennifer Cassie Miller**

    i.  One check made out to Jennifer Cassie Miller in the amount of Five Hundred Eighty Nine and 30/100 Dollars ($589.30) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

    ii.  One check made out to Jennifer Cassie Miller in the amount of Five Hundred Eighty Nine and 30/100 Dollars ($589.30) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**17) Anita Miocevic**

    i.  One check made out to Anita Miocevic in the amount of Two Thousand Eight Hundred Sixty Five and 23/100 Dollars ($2,865.23) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

    ii.  One check made out to Anita Miocevic in the amount of Two Thousand Eight Hundred Sixty Five and 23/100 Dollars ($2,865.23) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**18) Mirela Miocevic**

11

i.   One check made out to Mirela Miocevic in the amount of Two Thousand Nine Hundred Sixty Three and 67/100 Dollars ($2,963.67) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii.  One check made out to Mirela Miocevic in the amount of Two Thousand Nine Hundred Sixty Three and 67/100 Dollars ($2,963.67) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**19) Justin Newsome**

i.   One check made out to Justin Newsome in the amount of One Thousand Five Hundred Seventy Six and 09/100 Dollars ($1,576.09) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii.  One check made out to Justin Newsome in the amount of One Thousand Five Hundred Seventy Six and 09/100 Dollars ($1,576.09) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**20) Briana Quezada**

i.   One check made out to Briana Quezada in the amount of Two Thousand

Four Hundred Ninety One and 26/100 Dollars ($2,491.26) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Briana Quezada in the amount of Two Thousand Four Hundred Ninety One and 26/100 Dollars ($2,491.26) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

### 21) Jessica Ragle

i. One check made out to Jessica Ragle in the amount of Two Thousand One Hundred Eight and 44/100 Dollars ($2,108.44) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Jessica Ragle in the amount of Two Thousand One Hundred Eight and 44/100 Dollars ($2,108.44) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

### 22) Cole Register

i. One check made out to Cole Register in the amount of Five Thousand Six Hundred Forty Three and 68/100 Dollars ($5,643.68) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Cole Register in the amount of Five Thousand Six Hundred Forty Three and 68/100 Dollars ($5,643.68) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**23) Regina Rossi**

i. One check made out to Regina Rossi in the amount of One Thousand One Hundred Forty Nine and 76/100 Dollars ($1,149.76) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Regina Rossi in the amount of One Thousand One Hundred Forty Nine and 76/100 Dollars ($1,149.76) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**24) Brianna Shelton**

i. One check made out to Brianna Shelton in the amount of One Hundred Twenty Three and 37/100 Dollars ($123.37) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Brianna Shelton in the amount of One Hundred Twenty Three and 37/100 Dollars ($123.37) without deductions, for

liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

### 25) Ashley Taylor

    i.  One check made out to Ashley Taylor in the amount of Four Thousand Forty Two and 70/100 Dollars ($4,042.70) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

    ii.  One check made out to Ashley Taylor in the amount of Four Thousand Forty Two and 70/100 Dollars ($4,042.70) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

### 26) Ashley N. Wages

    i.  One check made out to Ashley N. Wages in the amount of Two Hundred Forty Seven and 30/100 Dollars ($247.30) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

    ii.  One check made out to Ashley Taylor in the amount of Two Hundred Forty Seven and 30/100 Dollars ($247.30) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

### 27) Natasha L. Walls

    i.  One check made out to Natasha L. Walls in the amount of One

Thousand Nine Hundred Thirty Six and 14/100 Dollars ($1,936.14) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Natasha L. Walls in the amount of One Thousand Nine Hundred Thirty Six and 14/100 Dollars ($1,936.14) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**28) Hayden Walsh**

i. One check made out to Hayden Walsh in the amount of Four Hundred Forty Three and 02/100 Dollars ($443.02) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

ii. One check made out to Hayden Walsh in the amount of Four Hundred Forty Three and 80/100 Dollars ($443.02) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**29) Ryan Walsh**

i. One check made out to Ryan Walsh in the amount of Three Thousand Nine Hundred Forty Three and 93/100 Dollars ($3,943.93) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

16

ii. One check made out to Ryan Walsh in the amount of Three Thousand Nine Hundred Forty Three and 93/100 Dollars ($3,943.93) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**30) Leslie A. York**

iii. One check made out to Leslie A. York in the amount of Four Thousand One Hundred Twenty Five and 49/100 Dollars ($4,125.49) less withholding for applicable state and federal taxes, for backpay, and for which LOLRG shall issue to the class member an IRS Form W2; and

iv. One check made out to Leslie A. York in the amount of Four Thousand One Hundred Twenty Five and 49/100 Dollars ($4,125.49) without deductions, for liquidated damages, and for which LOLRG shall issue to the class member an IRS Form 1099 designating Box 3 for "other income".

**C.   Attorneys' Fees and Costs of Litigation**

**DEFENDANTS** shall pay Andrews & Stembridge, LLC (**PLAINTIFFS'** Counsel) the total sum of Two Hundred Ninety Thousand Eight Hundred Fifty and 00/100 Dollars ($290,850.00) for **PLAINTIFFS'** attorneys' fees and costs, provided **PLAINTIFFS'** counsel provide an executed IRS Form W-9, in seven installments as follows:

1) Within thirty (30) days after distribution of the checks described in Paragraph 1.B above, one check made out to Andrews and Stembridge, LLC in the amount

17

of Twenty Thousand and 00/100 Dollars ($20,000.00) for the first installment payment of Plaintiffs' attorneys' fees and for which LOLRG shall deliver to **PLAINTIFFS'** counsel an IRS Form 1099.

2) Within thirty (30) days after distribution of the check described in Paragraph 1.C.1 above, one check made out to Andrews & Stembridge, LLC in the amount of $15,850.00 and 001/100 Dollars ($15,850) for reimbursement of Plaintiffs' litigation expenses and for which LOLRG shall deliver to **PLAINTIFFS'** counsel an IRS Form 1099.

3) On or before August 1, 2017, one check made out to Andrews and Stembridge, LLC in the amount of Forty Two Thousand Five Hundred and 00/100 Dollars ($42,500.00) for the second installment payment of Plaintiffs' attorneys' fees and for which LOLRG shall deliver to **PLAINTIFFS'** counsel an IRS Form 1099.

4) On or before August 1, 2018, one check made out to Andrews and Stembridge, LLC in the amount of Forty Two Thousand Five Hundred and 00/100 Dollars ($42,500.00) for the third installment payment of Plaintiffs' attorneys' fees and for which LOLRG shall deliver to **PLAINTIFFS'** counsel an IRS Form 1099.

5) On or before August 1, 2019, one check made out to Andrews and Stembridge, LLC in the amount of Forty Two Thousand Five Hundred and 00/100 Dollars ($42,500.00) for the fourth installment payment of Plaintiffs' attorneys' fees and for which LOLRG shall deliver to **PLAINTIFFS'** counsel an IRS Form 1099.

6) On or before August 1, 2020, one check made out to Andrews and Stembridge, LLC in the amount of Forty Two Thousand Five Hundred and 00/100 Dollars ($42,500.00) for the fifth installment payment of Plaintiffs' attorneys' fees and for which LOLRG shall deliver to **PLAINTIFFS'** counsel an IRS Form 1099.

7) On or before August 1, 2021, one check made out to Andrews and Stembridge, LLC in the amount of Forty Two Thousand Five Hundred and 00/100 Dollars ($42,500.00) for the sixth installment payment of Plaintiffs' attorneys' fees and for which LOLRG shall deliver to **PLAINTIFFS'** counsel an IRS Form 1099.

8) On or before August 1, 2022, one check made out to Andrews and Stembridge, LLC in the amount of Forty Two Thousand Five Hundred and 00/100 Dollars ($42,500.00) for the seventh, and final, installment payment of Plaintiffs' attorneys' fees and for which LOLRG shall deliver to **PLAINTIFFS'** counsel an IRS Form 1099.

**D.**     In the event of a breach by **DEFENDANTS** that is not cured after twenty (20) days written notice of breach and right to cure to **DEFENDANTS'** counsel, or in the event of the closing sale or other transfer of ownership of the Arena Tavern Restaurant or the building and property on which it is located, the entire outstanding principal balance shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate.

**E.**     Miller will not transfer all or substantially all ownership or control of The Arena Tavern until all installment payments due under Paragraph 1.C.1. above have been made.

2.     <u>**Taxes**</u>. Each **PLAINTIFF** agrees to pay and shall pay all taxes, if any, which may be

19

deemed owing on the payments under this section, except for **LOLRG's** portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages. Each **PLAINTIFF** further agrees that he or she will indemnify and hold each **DEFENDANT** and its related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to his or her tax treatment of any amounts paid to him or her, except for any challenge associated with **LOLRG'S** responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages.

3.     **Warranty**.     **PLAINTIFFS** represent and warrant that Blake Andrews and John Stembridge and the firm of Andrews & Stembridge, LLC (formerly known as the "Blake Andrews Law Firm, LLC"), as well as co-counsel of record Evan Kaine and the firm of Kaine Law, LLC, are and have been the sole attorneys for them with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Litigation are discharged.

4.     **Release & Waiver of All Claims Asserted in this Civil Action**. **PLAINTIFFS**, for themselves, their attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever release and discharge **DEFENDANTS**, and each of them and all of their respective present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he or she has or may have against them growing out of or arising from or

pertaining to the Fair Labor Standards Act  Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

5.    **Court Approval**.  All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.  All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary.  If the District Court does not approve this Agreement, it shall be void ab initio, and the parties will work together to jointly prepare a new agreement pursuant to any direction from the Court in an effort to obtain Court approval of their settlement in principle.

6.    **Dismissal of Action.**

    **A.**    Upon judicial approval of the Agreement and **PLAINTIFFS'** receipt of the payments required under Paragraph 1.B above, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit 2, with the court within two (2) business days.

    **B.**    Each **PLAINTIFF** represents that as of the date such **PLAINTIFF** signs this Agreement, and or the Acceptance Document, that he or she has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state or local court or agency other than the Litigation.  Each **PLAINTIFF** agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties.  Each **PLAINTIFF** further agrees not to

be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement.

 C. The Parties will jointly move the Court to Dismiss Without Prejudice the claims of any Class Member who fails to deliver a fully-executed Acceptance Document to **PLAINTIFFS'** counsel within in thirty (30) days of Court approval of this Agreement.

7. **Non-Disparagement.**  Except as otherwise required by law, a Party shall not make any statement, written or verbal, to any person or entity, including any form of media, or take any action, in disparagement of any of the Parties including, but not limited to negative references to a Party's services, policy, partners, managers, members, employees, or take any action that might disparage a Party to the general public or to a Party's employer, potential employer, employee, client, supplier and/or business partners.

8. **Execution.**  This Agreement shall become effective upon its approval by the court.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

9. **Entire Release.**  Each **PLAINTIFF** affirms that the only consideration for his or her decision to execute and her execution of the Agreement and/or the Acceptance Document are the terms stated herein and that there are no other promises or arrangements of any kind which have caused her to execute the Agreement; that she has been advised to and has consulted with her attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and she understands the meaning of the Agreement and its final and binding effect.

22

10.     **Severability.** Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

11.     **Amendments.** Any modification or change to this Agreement must be made in writing and signed by all Parties.

12.     **Construction.** The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

13.     **Governing Law.** This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

14.     This Agreement and the Settlement were entered into after substantial good faith, arms-length negotiations between the Parties, **PLAINTIFFS'** Counsel, and **DEFENDANTS'** Counsel.

15.     This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same Agreement. This Agreement may be executed by signature delivered by facsimile or PDF, and need not be the original "ink" signature. A complete set of executed counterparts shall be filed with the Court.

16.     This Agreement and the exhibits thereto constitute the entire fully-integrated Agreement between the Parties. No representations, warranties, or inducements have been made to any Party concerning the Settlement, this Agreement or its exhibits, other than the representations,

warranties, and covenants contained in such documents.

17.     The headings and captions inserted in this Agreement are for convenience only and in no way define, limit, or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

18.     Except as otherwise provided in this Agreement, the Parties shall bear their own respective costs and fees.

19.     None of the parties, or their respective counsel, shall be deemed to be the drafter of this Agreement or its exhibits for purposes of construing their provisions.  The language in all parts of this Agreement and its exhibits shall be interpreted according to its fair meaning, and shall not be interpreted for or against any of the Parties as the drafter of the language.

20.     All time computations under this Agreement shall be done in accordance with the provisions of the Federal Rules of Civil Procedure.

21.     The waiver by any of the Parties to this Agreement of any provision thereof shall not be deemed a waiver by that Party of any other provision of this Agreement.

22.     Each and every one of the Parties hereto acknowledges and agrees that he/she/it will, and shall, at all times subsequent to the execution of this Agreement and upon reasonable request, make, do, and execute (or cause to be made done, or executed), all such further documents and instruments to effectuate the full intent, purpose, covenants and conditions as set forth herein as any Party may require.

23.     Binding on Successors and Assigns.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administers, successors, and assigns.

24.     The Parties each agree that, in the event that Plaintiffs have to initiate legal proceedings to

enforce this Agreement to collect any payments due to be made under the terms of this Agreement,

including but not limited to payment of attorneys' fees and costs, if Plaintiffs prevail in such legal

proceedings, then Plaintiffs shall be entitled to recover in such proceedings, the reasonable costs,

including attorneys' fees, incurred in enforcing this Agreement.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement,

effective upon Court Approval.

**ACCEPTED AND AGREED BY COLE REGISTER**

By:     _____
        Cole Register


Sworn and subscribed
before me this _17th_ day
of August 2016.
Notary Public

My commission expires ___9/14/18___

**ACCEPTED AND AGREED BY MICHAEL MILLER**


By:     _____
        Michael Miller


Sworn and subscribed
before me this _____day
of August 2016.
Notary Public

My commission expires _____.


**[SIGNATURES CONTINUED ON NEXT PAGE]**

24.     The Parties each agree that, in the event that Plaintiffs have to initiate legal proceedings to enforce this Agreement to collect any payments due to be made under the terms of this Agreement, including but not limited to payment of attorneys' fees and costs, if Plaintiffs prevail in such legal proceedings, then Plaintiffs shall be entitled to recover in such proceedings, the reasonable costs, including attorneys' fees, incurred in enforcing this Agreement.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement, effective upon Court Approval.

**ACCEPTED AND AGREED BY COLE REGISTER**

By:     _____

        Cole Register

Sworn and subscribed
before me this _____day
of August 2016.
Notary Public

My commission expires _____.

**ACCEPTED AND AGREED BY MICHAEL MILLER**

By:     _Michael A Miller_

        Michael Miller

Sworn and subscribed
before me this _____day
of August 2016.
Notary Public

My commission expires _____.

**[SIGNATURES CONTINUED ON NEXT PAGE]**

25

**ACCEPTED AND AGREED BY TONY SHAW**

By: _____
      Tony Shaw

Sworn and subscribed
before me this _____ day
of August 2016.
Notary Public

My commission expires _____.

**ACCEPTED AND AGREED BY LAUGHING OUT LOUD RESTAURANT GROUP, LLC**

By: _____
      Michael Miller

Date: _8/21/16_____

Its Managing Member

Sworn and subscribed
before me this _____ day
of August 2016.
Notary Public

My commission expires _____.

26

ACCEPTED AND AGREED BY TONY SHAW

By: _____  1/5/17
Tony Shaw

Sworn and subscribed
before me this _____ day
of August 2016,
Notary Public

My commission expires _____

ACCEPTED AND AGREED BY LAUGHING OUT LOUD RESTAURANT GROUP, LLC

By: _____
Michael Miller

Date: 8/21/16 _____

Its Managing Member

Sworn and subscribed
before me this _____ day
of August 2016,
Notary Public

My commission expires _____

26